GARCIA, Judge, (dissenting). {20} I respectfully disagree with the majority and would apply the criteria set forth in ACP and Miller to a special-use permit under Resolution 116-86. {21} County Resolution 116-86 was adopted to apply an identical application criteria for zone changes and special-use permits. The County chose to adopt the same policies, procedures, and criteria to all the potential changes contemplated by applications submitted under Resolution 116-86. “A municipal legislative body is bound to follow the regulations it has adopted, in the exercise of its delegated legislative power.” Miller, 89 N.M. at 507, 554 P.2d at 669. The factual findings necessary to satisfy the more advantageous to the community criteria require “proof in such a case would have to show, at a minimum, that ... there is a public need for a change of the kind in questionf.]” ACP, 2008-NMSC-025, ¶30, 144 N.M. 99, 184 P.3d 411 (internal quotation marks and citation omitted). “[B]ecause such changes must be justified pursuant to the Miller rule and Resolution [116-86] (or a similar local policy), they require specific factual findings relating to the affected properties.” ACP, 2008-NMSC-025, ¶ 32, 144 N.M. 99, 184 P.3d 411; see Miller, 89 N.M. at 506, 554 P.2d at 668. {22} Although the present case factually differs from the downzoning changes in ACP and Miller, the uniform criteria identified in Resolution 116-86 is not limited to zoning changes and must also be applied to special-use permits placed within the same resolution. Special-use permits, like small scale zone changes are usually restricted to identifiable persons or groups and would be considered quasi-judicial actions rather than legislative actions. See ACP, 2008-NMSC-025, ¶ 32, 144 N.M. 99, 184 P.3d 411. Because such small-scale zoning changes must be justifiable under the Miller rule and the applicable resolution, applying a different criteria to special-use permits that have been intentionally placed within the same land-use regulation is illogical. Rigid application of the Miller rule is not always necessary to protect the beneficial interests of the community at large. ACP, 2008-NMSC-025, ¶30, 144 N.M. 99,184 P.3d 411. Through this dissent, I do not suggest that the County was legally incapable of applying a less restrictive criteria for the quasi-judicial review of a special-use permit application. It was the County’s decision to identify only one criteria to be applied to zoning changes and special-use permits under Resolution 116-86 that is determinative in this case. Where a more restrictive judicial criteria is required when determining whether a small-scale zoning application is “more advantageous to the community,” there is no reason the County does not have the right to impose this same restrictive criteria on other small-scale special-use applications that are quasi-judicial. By intentionally including special-use permits under the same zoning resolution adopted by the County, the more restrictive criteria must now be imposed for both types of applications. Once the same criteria is applied, ACP and Miller require a finding and determination that the public’s needs and interests are protected by the necessary change being proposed for the property. See ACP, 2008-NMSC-025, ¶ 30, 144 N.M. 99, 184 P.3d 411; Miller, 89 N.M. at 506, 554 P.2d at 668. {23} I would reverse and remand this case to the district court with instructions to examine the record to determine whether the board’s decision was supported by proof and to make findings establishing that there was a public need for the change contemplated by the application for a special-use permit. For the reasons stated herein, I dissent.